## IN THE SUPERIOR COURT OF GUAM

MARITA ALMAZAN LUBAG,                    )        DOMESTIC CASE NO. DM0061-12
                                                          )
                              Plaintiff,                   )        **DECISION AND ORDER**
                                                          )
              v.                                          )
                                                          )
EDWIN ALONZO YACUB,                      )
                                                          )
                              Defendant.                )
_____ )

### INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 3rd day of May, 2012, upon review after assignment. Attorney Mark E. Williams represented the Plaintiff, and the Defendant has not yet been served nor made an appearance. The Court now issues the following Decision and Order on the matter.

### DISCUSSION

The issue of personal jurisdiction arises in this case because the Plaintiff has "requested" an order of the Court allowing service upon the Defendant through publication and mailing, by submitting a "Notice," an "Affidavit in Support of Publication of Summons" and a proposed order for "Publication of Summons." Conspicuously, no "motion" or "application" was filed.

**A) Failure to File a Motion in Compliance with the Local Rules of the Superior Court of Guam**

Pursuant to Rule 7(b)(1) of the Guam Rules of Civil Procedure, "[a]n application to the court for an order shall be by motion . . . ." GRCP Rule 7(b)(1)(2012). CVR 7.1(b) requires that motions must be made in writing, and must follow a particular form, "[e]very motion shall be presented in writing," and "the moving party must present a motion, which will contain the date on which the motion will be heard, as provided for in CVR Rule 7.1(e)(2)."

Pursuant to Rule 7.1(a) of the Local Rules of the Superior Court of Guam, "the provisions of this rule shall apply to motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits and applications for a temporary restraining order . . . ." CVR 7.1(a)(2012)(emphasis added). This local rule further emphasizes that "applications" to the Court are subject to the rules governing motions. Therefore, any application requesting that the Court take action must follow the format prescribed by CVR Rule 7.1.

Pursuant to CVR 7.1(e)(2):

> Counsel for the parties must file an "Agreement of Hearing Date," in a form shown below in Attachment "CVR 7.1A." It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance, or if the party(ies) are pro se, it is the moving party's responsibility to contact the pro se party and propose a date for oral argument. Once the parties have agreed on a date for oral argument, the moving party shall clear the date with the chambers clerk. When the date has been cleared with the clerk, that date shall be inserted in the "Agreement of Hearing Date." If the parties do not agree on a date for oral argument or *if a party has not entered an appearance, the moving party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-moving party does not agree or is not available*, in which event the Court shall either determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under CVR 7.1(e)(4), in the Court's discretion.

Local Rules of the Superior Court of Guam, CVR Rule 7.1 (e)(2) (2012)(emphasis added).

Thus, even if no other party has yet appeared in the action, the Plaintiff must still submit a written motion accompanied by an "Agreement of Hearing Date Form."

Pursuant to CVR 7.1(c):

> There shall be served and filed with the motion: (1) a memorandum in support thereof containing the points and authorities upon which the moving parties relies, including citations; and (2) any affidavits or declarations under penalty of perjury sufficient to support any material factual contentions permitted by the Guam Rules of Civil Procedure.

Local Rules of the Superior Court of Guam, CVR Rule 7.1 (c) (2012).

In this case, although the Plaintiff's notice and proposed order reference an "Application for an Order of this Court directing service of summons by publication," only an affidavit, a notice and a proposed order were filed, and none of these documents contain any actual request for the issuance of an order permitting publication No "motion" or "application" requesting an order for publication under 7 GCA § 14106 was ever filed in writing, nor does the "notice of motion" filed contain a request for such order, as would satisfy the requirements of GRCP Rule 7(b)(1). Further, no memorandum of points and authorities, or any agreement of hearing date was ever filed with this "request."

The Plaintiff has failed to meet the requirements of GRCP Rule 7(b)(1), and CVR Rule 7.1, by failing to include any actual "request" for an order allowing service pursuant to 7 GCA § 14106, and by failing to file the required written motion containing a memorandum of points and authorities and an agreement of hearing date form.

Under CVR Rule 7.1(f), "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." Under CVR 7.1(k), "[t]he Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." CVR 7.1(k)(2012).

Under GR 2.1:

> The violation of or failure to conform to any of these General Rules, the Guam Rules of Civil Procedure, or the Local Rules of the Superior Court of Guam – Civil Rules shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances.

Local Rules of the Superior Court of Guam GR 2.1 (2012).

Under CVR Rule 7.1(k), the Court need not consider the Plaintiff's "request," as it does not comply with CVR 7.1.

Because the Court finds that any application for an order must be made by motion which fully complies with the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam, the Court finds that the Plaintiff's "request" for an order for publication and mailing as included in the "Notice" and proposed "Order for Publication" does not comply and may therefore, be STRICKEN.

## B) Divorce Jurisdictional Issues

The Plaintiff's "request" for an order granting notice through publication and mailing is deficient in other substantial respects. Rule 4(e) of the Guam Rules of Civil Procedure requires that *if* a person against whom an action is filed is a resident of Guam or any other jurisdiction of the United States, they must be served either: (1) under the laws of Guam; (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). However, if the Defendant is not a resident of Guam or any jurisdiction of the United States, then personal service must be made under GRCP Rule 4(f), and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made only in conformity with GRCP Rule 4(f). Personal

service under Rule 4 must be made within 180 days of the filing, but may be extended by the Court for good cause. GRCP Rule 4(m)(2012).

In this case, the Order for Publication was unsupported and therefore, invalid, on two bases: 1) the affidavit and verified complaint in this case failed to establish the residency of the Defendant, whether in a jurisdiction of the United States or a foreign country, and thereby allow the Court to determine whether the Defendant may be served under Guam law or foreign law; and further, because residency is not plead or proved, the Court cannot determine the existence of the Court's jurisdiction over the Defendant; and 2) the affidavit submitted does not contain the statements required under 7 GCA §14106.

## 1) No Residency of the Defendant is Pled or Proved

The Plaintiff's declaration in support of service by publication and mailing is deficient under 7 GCA § 14106 for lack of allegations of the residency of the Defendant, which would thereby allow the Court to determine whether a cause of action by which the Court has jurisdiction over the Defendant exists. In order for the Court to properly allow service by publication and mailing, it has to appear from either the verified allegations of the complaint or the affidavit in support of service by publication and mailing that a cause of action which may be brought in the Superior Court of Guam exists against the Defendant. First, the affidavit of the Plaintiff is silent as to whether the Plaintiff has a proper cause of action against the Defendant in Guam. Next, the complaint itself fails to factually allege that a cause of action exists against the Defendant over which this Court has jurisdiction.

GRCP Rule 8(a)(1), entitled "General Rules of Pleading," requires every complaint to set forth all jurisdictional bases for the claims contained therein, stating, "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross

claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." GRCP Rule 8(a)(1). The complaint for divorce is utterly devoid of any allegations as to the Superior Court of Guam's jurisdiction over the Defendant, thus failing to meet the minimum requirement of GRCP Rule 8.

The Verified Complaint for Divorce fails to meet the minimum jurisdictional requirement of 19 GCA § 8319, by failing to plead and prove the residency of the Defendant. "Residency must be pled and proved in *all* divorces or other actions for dissolutions of marriage." 19 GCA § 8319(a) (2012) (emphasis added). More importantly, "[i]n actions for dissolution of marriage, neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. For the purposes of such an action, each may have a separate domicile or residence *depending upon proof of the fact and not upon legal presumptions.*" 19 GCA § 8319(a) (emphasis added).

The Verified Complaint for Divorce is conspicuously silent in this regard. The complaint merely claims that the Court has jurisdiction over this action because the Plaintiff is a resident of Guam under 19 GCA § 8318; without reference to the Defendant's residence, or the Court's jurisdiction over him. This allegation ignores the residency pleading requirement of the very next statute, 19 GCA § 8319. Defendant's residency is not plead as required under 19 GCA § 8319(a) and GRCP Rule 8(a)(1), and the Court cannot presume his residency in Guam, or anywhere, under 19 GCA § 8319(a). Due to the declarations of the Plaintiff stating that the marriage occurred in the Northern Marianas Islands, Saipan, and that the Defendant's last known address is in the Philippines, the Court cannot even be assured that the Defendant is a resident of a jurisdiction of the United States, and therefore subject to service under the laws of the United States and Guam.

Plaintiff must not only plead residency, but must also prove the Defendant's residency, wherever situated. Even in a consented divorce action, the Plaintiff must still plead and prove the residency of the Defendant: "[a]llegations and proof of residence or other compliance with the requirements of § 8318 of this Chapter *shall be pled and proved* in any divorce or dissolution of marriage granted upon the consent of the Defendant." 19 GCA § 8319(a)(emphasis added). The closest the Plaintiff comes to referencing the Defendant's residency is in the Affidavit in Support of Publication of Summons, wherein she claims that the "*last known address*" of the Defendant is: 551 4th Street Salinas Bacoor, Cavite, Philippines 4102[.]" Lubag v. Yacub, Domestic Case No. DM0061-12, Affidavit in Support of Publication of Summons, ¶ 3 (filed January 25, 2012) (emphasis added). Plaintiff does not indicate whether she has personal knowledge that this is the current residence of the Plaintiff, or that she has any knowledge of his actual current place of residence. The Plaintiff has not proven the Defendant's residency in any place, as there are no allegations regarding the Defendant's residence within the complaint at all, and reference to the Defendant's "last known address" does not constitute proof of his residency in any jurisdiction.

More importantly, if the Defendant is a resident of the Philippines, as might be indicated by Plaintiff's affidavit, then service authorized by the laws of Guam, including publication and posting under 7 GCA § 14106 and GRCP Rule 4(o) are not applicable, as later discussed in this opinion, and service would need to be effected under GRCP Rule 4(f).

Next, the Plaintiff's complaint also fails to plead consent. 19 GCA § 8319(b) states:

All consents to a divorce or dissolution of marriage must be acknowledged or verified before a notary public or other officer authorized to administer oaths within the United States if signed in the United States, acknowledged or verified before a consular officer of the United States or other United States official authorized to take oaths if signed outside the United States, or have a notarized acknowledgement or verification by a foreign notary which is authenticated by a

United States consular officer.

19 GCA § 8319(b)(2012).

The Plaintiff's complaint does not contain any allegation that the Defendant has consented to this divorce action. Failing any averment of consent, the Court's file is similarly devoid of any verified or notarized acknowledgment of consent from the Defendant.

Finally, and perhaps most tellingly, 19 GCA § 8319(a) states that even in consent divorce cases, "[t]he Superior Court of Guam *is not presumed to have jurisdiction over any action for divorce or dissolution of marriage* which may be filed in the Superior Court of Guam because the Defendant consents." 19 GCA § 8319(a) (emphasis added). There is no presumption of jurisdiction even where a defendant properly consents, and there is no presumption of jurisdiction where the defendant is not present or does not consent. The Court must independently find jurisdiction in each case. On this basis, it is apparent that in order for the Court to properly exercise personal jurisdiction over the Defendant and the action for divorce, he must be a resident of Guam, *see* 19 GCA § 8319, or he must consent to the action, *see* 19 GCA §§ 8318(b) and 8319(a) and (b), or the Court must find that the Defendant has minimum contacts with the jurisdiction, *see* 7 GCA §§ 14109 and 14110.

The Plaintiff's Complaint for Divorce is conspicuously silent in all regards concerning the personal jurisdiction of the Superior Court of Guam over the Defendant. Even if the Court disregards the Plaintiff's failure to plead and prove any residency of the Defendant, the Plaintiff has omitted the filing of any declaration, affidavit, or other sworn statement containing evidence proving personal jurisdiction over the Defendant.

Plaintiff neither pleads nor proves that the Defendant was a resident of Guam or any other place, nor that the Defendant has consented to the divorce. The requirement of either

consent or proof of residency of a defendant in a divorce case initiated in Guam is not merely a formality, but rather, an extremely important safeguard, so that the Court may properly find jurisdiction, and may apply the proper laws regarding service.

In the case of Rinehart v. Rinehart, 2000 Guam 14, the Supreme Court of Guam expressed concerns regarding abuse of the Guam legal system by resident spouses against non-resident spouses, which it found, creates an opportunity "in which on-island spouses could tamper with the legal rights of off-island spouses." Id. at ¶18. Validating the Supreme Court of Guam's concern, and in violation of the statutory safeguards set by 19 GCA § 8319, the Plaintiff has entirely failed to provide the Court with any admissible evidence regarding the Defendant's residency or consent to this divorce action. The Plaintiff fails to even suggest that the requirements of 19 GCA § 8319(a) have been met, in any document filed.

The Court finds that the Plaintiff has failed her burden to plead and prove the residency of the Defendant, so that the Court may determine the applicable law, and has failed to demonstrate the personal jurisdiction of the Superior Court of Guam over the Defendant. Based upon the proof of the facts provided to the Court, the Court declines to find that it has jurisdiction to hear the action, as the Defendant is most likely not a resident of Guam, and has not consented to this action. Unless minimum contacts exist between the Defendant and Guam, by which the Court may exercise personal jurisdiction over him, as discussed later in this opinion, the pleadings and affidavits submitted do not support the exercise of jurisdiction. See, e.g., Mariano v. Surla, 2010 Guam 2, at ¶¶ 23–29.

In fact, the allegations of the affidavit filed which touch on the subject of the Defendant's actual residence hint that the Defendant is probably a resident of the Philippines, and not a resident of a United States jurisdiction. The supporting affidavit states that the "last

known address of the Defendant is: 551 4th Street Salinas Bacoor, Cavite, Philippines 4102" and the Plaintiff "know[s] the foregoing to be true because that address was the place I last communicated with the Defendant." Lubag v. Yacub, Domestic Case No. DM0061-12, Affidavit in Support of Publication of Summons, ¶¶ 3 and 4 (filed January 25, 2012). If the Defendant is not, or has never been a resident of Guam, and is, in fact, a resident of the Philippines, as indicated by the allegations of the affidavit, then: 1) 7 GCA § 14106 is not applicable; and 2) service under GRCP Rule 4(f) would need to be effected as a precursor to the exercise of personal jurisdiction over the Defendant.

If the Defendant is a resident of the Philippines, then actual notice must follow the requirements of GRCP Rule 4(f), as no evidence that a waiver has been obtained from the Defendant has been provided to the Court by the Plaintiff.

The Philippines is not a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and it is not apparent that it is a party to any treaties or contracts regarding service with the United States. GRCP Rule 4(f)(1) is not applicable in such an instance. Therefore, if the hinted allegation that the Defendant is a resident of the Philippines is true, it appears that the Plaintiff will be required to comply with other subsections of Rule 4(f), which require service under the laws of the foreign country in which the Defendant resides, rather than U.S. laws. There are no exceptions to these foreign service requirements, and the Court may not apply Guam law to override international law. Until the Plaintiff complies with 19 GCA § 8319(a) and provides the Court with the Defendant's actual residency, the Court will be unable to determine whether the Defendant is subject to 7 GCA § 14106, and service under the laws of Guam or service under the laws of a foreign jurisdiction; and will further be unable to determine whether proper service is effected

under the correct and applicable laws, and thereby determine if it has acquired personal jurisdiction over the Defendant.

## 2) Deficiency of Underlying Affidavit in Support of Order for Publication

Even if the Defendant is a resident of a United States jurisdiction, including Guam, and therefore, may be subject to any service allowed under Guam law or U.S. law under GRCP Rule 4(e)(1), the version of GRCP Rule 4 which is currently in effect only allows for service through publication and mailing as permitted by statute or court order. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute, and specifically allows for service by publication and mailing instead of personal service under GRCP Rule 4(e)(1) or (2), only when an application is made to the Court upon a verified affidavit (or declaration, see 6 GCA § 4308) swearing either that the person "has departed from Guam . . .or conceals himself to avoid the service of summons" and that "a cause of action exists against the defendant." 7 GCA § 14106 (2012). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam,* and cannot, after due diligence, be found in Guam, *or conceals himself to avoid the service of summons* . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, *and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made* . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

Title 7 GCA § 14106 (emphases added).

Although the Plaintiff did not file a memorandum of points and authorities or a motion which contains legal argument, by filing the affidavit and proposed order for publication, the Plaintiff seems to indicate that service by publication and posting under this statute is available whenever a party to an action resides outside of Guam. However, this position is patently false

in light of the particular language of the statute and GRCP Rule 4(e). Service by publication and mailing under 7 GCA §14106 is only available in lieu of personal service under GRCP Rule 4(e), and first requires an affidavit or verified complaint swearing, or declaring under penalty of perjury, not only that the Defendant cannot be found in Guam, but either: 1) both that the Defendant "has departed from Guam" AND "cannot . . . be found in Guam;" or 2) that the Defendant has concealed himself/herself "to avoid the service of summons . . . ." 7 GCA § 14106. Both of these options are carefully worded to indicate to the Court that after a diligent search, it is apparent that the Defendant is attempting to avoid service, not merely that a defendant does not live in Guam.

In fact, Rule 4(e) anticipates that parties who merely reside in other United States jurisdictions may need to be served from time to time, and provides a method for such service, stating: "service upon an individual . . . may be effected . . . in any other jurisdiction of the United States, its territories, commonwealths, and possessions: (1) . . . as prescribed by the law of the place where the person is served; or (2) by delivering a copy of the summons and of the complaint to the individual personally . . . ." GRCP Rule 4(e). Service by publication and mailing under 7 GCA§ 14106 is only available as an option of last resort, when a defendant has fled Guam or is hiding to avoid service.

Regarding the Defendant's "depart[ure]" from Guam, the affidavit of the Plaintiff does not contain even a recitation of the language of the statute, and further nowhere specifically states that the Defendant cannot be found in Guam. No factual allegations that the Defendant has ever resided in Guam and thus, has ever "departed from Guam" are present. Nor are there any allegations that the Defendant has ever been to Guam, or would ever have been subject to service in Guam. The Court finds the statement that the Defendant's last known address is in

the Philippines, without any accompanying information regarding the Defendant's previous presence in and/or flight from Guam, or submission to service in Guam, inadequate to support the issuance of an order for publication and mailing under 7 GCA § 14106.

Regarding the Defendant's "concealment" from service, Plaintiff's declaration is also completely silent. Service by publication and mailing is not to be lightly granted, nor lightly treated under 7 GCA § 14106, as it is permitted only in the alternative that personal service pursuant to GRCP Rule 4(e) or (f) cannot be made because of the Defendant's actions. GRCP Rule 4(e)(1) and (2) and (f).

The Plaintiff's affidavit fails to allege the minimum requirements for the issuance of an order for service by publication and mailing. The affidavit neither declares that the Defendant has ever resided in Guam, nor that the Defendant has ever concealed himself to avoid service under GRCP Rule 4(e) or (f). A declaration to the sole effect that a person last resided in a country other than the United States does not satisfy the requirements of 7 GCA § 14106. Plaintiff's affidavit further fails to allege that personal service pursuant to GRCP Rule 4(e)(1) or (2) or (f) was attempted or was not possible in this case.

Accordingly, the affidavit and the verified complaint fail to establish the Court's jurisdiction over the Defendant as required under 7 GCA 14106 (if applicable) and GRCP Rule 8(a). The Plaintiff's Motion for Order for Publication is therefore DENIED.

3) No Minimum Contacts Under 7 GCA § 14109

The Court may not exercise jurisdiction over a non-resident, except as permitted by the Organic Act and the United States Constitution. 7 GCA §§ 14109 and 14110 (2012). Both 7 GCA §§ 14109 and 14110 were adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. Under this statute, the Court has jurisdiction over

a non-consenting, non-resident defendant in a divorce action only if the plaintiff makes a showing that the defendant has minimum-contacts with the state or territory. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, 328 F.3d 1122, 1129 (9th Cir. 2003).

Because the Plaintiff has failed to plead or prove the residency of the Defendant in any United States jurisdiction or even any foreign jurisdiction, the Court is unsure whether the Defendant is a Guam resident or non-resident. The Court can only surmise, based upon the absence of allegations regarding the Defendant's residency, and the allegations regarding the Defendant's "last known address" that the Defendant is, most likely, not a resident of Guam.

In Harris, the Ninth Circuit determined whether California could exercise personal jurisdiction over a non-resident defendant in a divorce action under the long-arm statute. The language of CCCP § 410.10 required the court to determine whether due process requirements would be met in an assertion of jurisdiction. Citing to International Shoe Co. v. Washington, 326 U.S. 310 (1945), the court held that jurisdiction under CCCP § 410.10 would have to meet the threshold minimum-contacts test of the United States Supreme Court. Harris, 328 F.3d 1122, 1129 (9th Cir. 2003) ("Due process requires that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."). The Ninth Circuit set forth a tri-partite test for minimum contacts: 1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof (or avail himself of the privileges of conducting activities in the forum); 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice (and be reasonable). Id.

The Supreme Court of Guam has specifically adopted this test regarding personal jurisdiction over non-resident defendants in Guam, finding, "the Due Process Clause requires a defendant to have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Mariano, 2010 Guam 2, ¶ 23 (quoting PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17)(internal citations omitted); and Harris Rutsky & Co., 328 F.3d at 1129.

In this case, the Plaintiff has failed to meet any of the three requirements to show that the Defendant has ever had sufficient contact with Guam such that Guam could assert jurisdiction over him. The Plaintiff fails to allege that the Defendant has ever had any contact with Guam. The Plaintiff fails to allege any fact that would subject the Defendant to the jurisdiction of this Court.

Under the minimum-contacts test, the Court abstains from asserting jurisdiction over the Defendant. Accordingly, the Court has no personal jurisdiction over the Defendant at this time, and this case must be dismissed if no amendment to plead and prove personal jurisdiction over the Defendant is made.

### 4) Notions of Fair Play and the Interests of Justice

As a final jurisdictional consideration, the Court acknowledges that the first sentence of 19 GCA § 8318(a) seems to indicate that the Court is empowered to grant a decree of divorce when only one party is a resident of Guam. However, the language of this statute is *permissive.* The sentence states: "[a] divorce or dissolution of marriage *may* be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (emphasis added). Under the statutory construction provisions of the Guam Code, the word "[s]hall is

mandatory and may is permissive." 1 GCA § 724(9) (2012). The Court is not *required* to grant a divorce merely because one party has met the residency requirements of this first statute. The Court may do so, in its discretion, however, the Plaintiff must meet all of the requirements of this Chapter, including pleading and proving the residency of the Defendant, so that the Court may make the most informed decision regarding the entire action; and the Court must be satisfied that it has jurisdiction and that Guam is the best forum for the action. This idea is later emphasized in 19 GCA § 8320, which states in relevant portion: "[i]n the event of *uncontested, consent or default divorce actions*, the court *may* grant a divorce based upon the verified complaint of the Plaintiff or Petitioner *if it appears to be in the interests of justice.*" 19 GCA § 8320 (emphases added).

Most significantly, the first sentence of 19 GCA § 8318(a) cannot be read in isolation. When read in conjunction with 19 GCA §§ 8318(b) and 8319, it appears that a divorce should be granted when only one party is a resident of Guam AND the other party consents and submits themselves to the jurisdiction of the Superior Court. When considered in light of the mandates of the United States Constitution and the Organic Act of Guam that the Superior Court of Guam cannot exercise jurisdiction over a non-resident defendant in the absence of minimum contacts with the forum, it is apparent that the only other manner in which the Superior Court may exercise jurisdiction over a divorce action when only one party is a resident of Guam is when the non-resident defendant has satisfied the tri-partite minimum contacts test.

The Court is not making the finding that a divorce can never be granted when only one party is a resident of Guam, but rather, is making the finding that when only one party is a resident of Guam, in order to grant the dissolution of the marriage, either: 1) the non-resident Defendant must consent to the jurisdiction of the Superior Court of Guam; or 2) the Court must

be able to find minimum contacts with Guam in order to abide by the Constitution and the Organic Act, and so as not to violate the interests of justice.

In this case, as plead, the Court finds none of the hallmarks of the notions of fair play, and finds nothing to show that the grant of this divorce would be in the interests of justice. This appears to be a divorce by ambush against a non-resident Defendant with no ties to Guam. The method of notice proposed by the Plaintiff is not reasonably calculated to give actual notice to the Defendant, in that: 1) it appears that the Defendant is most likely a resident of a foreign country, and thus, personal notice as required under GRCP Rule 4(f) has never been attempted in this case; and 2) even if the Defendant is a resident of a United States jurisdiction a single "publication in *Marianas Variety*, a newspaper of general circulation in Guam" Lubag, Proposed Order for Publication, p. 1 (received January 25, 2012), will doubtfully reach the Defendant if he does not reside in Guam. *See* Pineda v. Pineda, 2005 Guam 10 ¶14 (Regarding service by publication, the Supreme Court of Guam is "mindful that: [c]hance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.") (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950))(internal citations omitted).

The Court is not apprised of the Defendant's current residency, such that the complaint is in violation of the statutory requirements. Because the complaint is silent regarding the Defendant's residency, the Court is unable to determine: 1) whether service under the laws of Guam and the United States, including 7 GCA 14106, is applicable to the Defendant; and 2) whether Guam is an appropriate forum for this action. There appears to be no reason that the

Plaintiff cannot comply with the pleading provisions of 19 GCA § 8319(a), and inform the Court of the Defendant's current residence. If the Defendant is a resident of a foreign country, then it appears that service can only be made in accordance with GRCP Rule 4(f)(2) or (3), and Plaintiff's request for service through 7 GCA § 14106 is inapplicable. If the Defendant is a U.S. resident, but not a resident of Guam, the Plaintiff has failed to plead minimum contacts with Guam sufficient to satisfy the "interests of justice" or to show that "substantial justice" would be served by the exercise of personal jurisdiction over the Defendant in this divorce case. Lastly, the Court notes that the Plaintiff seeks a divorce on the sole ground of "extreme cruelty" rather than no fault or irreconcilable differences, and the notice proposed is not designed to allow the Defendant to controvert such allegations, which may have consequential implications in the event a divorce is granted. As such, the Plaintiff has failed to convince the Court that justice will be served by any attempt to exercise personal jurisdiction over the Defendant at this time, and the Complaint for Divorce is DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

Based upon its review of the complaint, as part of the analysis of the "request" for an Order for Publication of Summons, which requires analysis of whether there is a cause of action against the Defendant under 7 GCA § 14106, the Court finds that the Plaintiff has failed to plead and prove the residency of the Defendant in any United States Jurisdiction, and fails to allege any means by which the Court could exercise personal jurisdiction over the Defendant in consideration of the notions of fair play and justice. The Plaintiff has failed to plead the residency of the Defendant in order for the Court to determine whether the Defendant is subject to service of process under 7 GCA § 14106, as permitted by the laws of Guam. In all likelihood, under the facts declared by the Plaintiff, the Defendant is not a resident of a United

States jurisdiction, and 7 GCA § 14106 is not applicable; rather, GRCP Rule 4(f) must be applied. Further, even if the Defendant is a resident of a United States jurisdiction, and 7 GCA § 14106 may therefore be applicable in lieu of personal service under Rule 4(f), the affidavit fails to show that the Defendant has "depart[ed]" from Guam, or that he has "conceal[ed]" himself to avoid personal service of the complaint as provided under GRCP Rule 4(e)(1) or (2), in order to meet the requirements of 7 GCA § 14106 for publication and mailing in lieu of personal service. Finally, the Plaintiff has never even attempted actual personal service, as may be available under GRCP Rule 4(e)(1) or (2) or (f), if the Defendant is a resident of a United States jurisdiction. Therefore, the Plaintiff's "request" for an order allowing service by publication is DENIED.

Consequently, the Complaint for Divorce is DISMISSED without prejudice, with LEAVE TO AMEND within thirty (30) days of the date of this order, in order to allow the Plaintiff an opportunity to plead and prove the residency of the Defendant as required under 19 GCA §8319 and GRCP Rule 8(a), in order to allow the Court to determine what manner of service is applicable to the Defendant, and/or to plead and prove facts regarding minimum contacts of the Defendant sufficient for the Court to acquire long-arm jurisdiction over the Defendant under 7 GCA §§ 14109 and 14110(4) and GRCP Rule 8(a).

**IT IS SO ORDERED** this  MAY 1 0 2012                 .

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

MAY 1 0 2012

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam